IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-03353-MSK-STV

LARRY WILLIAMS; and
LNL PUBLISHING, INC.,

    Plaintiffs,

v.

GENESIS FINANCIAL TECHNOLOGIES, INC.;
GLEN LARSON; and
PETE KILMAN,

    Defendants.
_____

**OPINION AND ORDER GRANTING PREJUDGMENT INTEREST AND DENYING CHALLENGE TO TAXATION OF COSTS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Motion to Alter Judgment **(# 141)**, the Defendants' response **(# 143)**, and the Plaintiffs' reply **(# 147)**; and the Plaintiffs' Motion to Review **(# 148)** the Clerk's taxation of costs, the Defendants' response **(#49)**, and the Plaintiffs' reply **(# 150)**.

The Court assumes the reader's familiarity with the proceedings to date and offers only a cursory summary. Mr. Williams is a commodities analyst and trader and has created a variety of mathematical algorithms to identify trends in commodities prices. LNL Publishing (hereafter, "LNL") is a corporate entity through which Mr. Williams does some business. The Defendants publish software that allows uses to analyze commodities prices. For several years, the Defendants and Mr. Williams were parties to an oral agreement by which the Defendants would incorporate Mr. Williams' algorithms into its software and both sides would promote the

1

software to commodities investors; in exchange, the Defendants would pay Mr. Williams a share of certain revenues arising from software sales. After several years of harmony, that business arrangement soured. In or about July 2012, Mr. Williams demanded payment of sums due to him under the agreement, and in September 2012, Mr. Williams informed the Defendants that he was terminating the agreement. Nevertheless, the Defendants continued to sell the software containing Mr. Williams' algorithms and promoted the software using Mr. Williams' name, leading Mr. Williams to file the instant suit.

Following a trial in August 2017, a jury returned a verdict partially in favor of the Plaintiffs, finding that: (i) Mr. Larson breached an oral contract he had reached with LNL regarding the sale of the software, and that LNL was entitled to $358,277.50 in damages on that claim; and (ii) Genesis Financial Technologies ("Genesis") was unjustly enriched at Mr. Williams' expense. The Court eventually awarded Mr. Williams $57,052 in damages on the unjust enrichment claim. The jury found in favor of Mr. Kilman on all claims that the Plaintiffs had asserted against him. On March 30, 2018, the Court entered judgment as set forth above, directing post-judgment interest to accrue pursuant to 28 U.S.C. § 1961.

LNL now moves **(# 141)** to amend the judgment to add prejudgment interest pursuant to C.R.S. § 5-12-102(1), at a rate of 8% per year from July 2012 to the entry of judgment in March 2018, for a total amount of $197,341.72. Mr. Larson opposes that request, arguing that: (i) the jury was not asked to consider, and therefore rendered no opinion on, the question of prejudgment interest, and (ii) the evidence at trial does not sufficiently establish a conclusive accrual date from which to measure the running of such interest.

Thereafter, the Clerk of the Court taxed costs in favor of the Plaintiffs, awarding $11,933.55 in costs to the Plaintiffs and against Mr. Larson and Genesis, but awarding costs to

Mr. Kilman and against the Plaintiffs in the amount of $19,257.90.  The Plaintiffs now move **(#148)** to either set aside or "apportion" the costs taxed in favor of Mr. Kilman because: (i) Mr. Kilman admitted that all of the claimed costs were actually incurred by Genesis, not himself; and (ii) to the extent the costs were incurred jointly by all three Defendants, Mr. Kilman's entitlement to the costs should be prorated and reduced by two-thirds to reflect that only Mr. Kilman was successful in his defense.  The Court now takes up each motion in turn.

### A. Prejudgment interest

C.R.S. § 5-12-102(1)(b) provides that when a debt becomes due and the parties have no other agreement regarding interest, interest accrues on that debt at a fixed rate of 8% per year, compounded annually, from that date the debt becomes due until judgment enters.  The statute is mandatory in operation, leaving no discretion to the Court.  *Personnel Dept., Inc. v. Professional Staff Leasing Corp.*, 297 Fed.Appx. 773, 789-90 (10th Cir. 2008).  A "wrongful withholding" occurs when a party "was deprived of something to which she was otherwise entitled." *Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 825 (Colo. 2008).  A mere breach of contract is sufficient to demonstrate a wrongful withholding.  *Id.*

LNL points to trial exhibit 1, a July 20, 2012 letter in which Mr. Larson wrote to Mr. Williams, acknowledging that "$499,327.50 is due to you," and that Genesis had already made a cash payment of $141,050.  The difference, $352,877.50, is exactly the amount the jury awarded LNL, suggesting that the jury measured the breach of contract damages directly from the admissions in exhibit 1.  That exhibit also makes clear that, prior to the July 20 date, Mr. Williams had already made a demand for "the amount of money you say [is] due to you."  Thus, the Court agrees with LNL that the proper application of C.R.S. § 5-12-102(1)(b) entails finding

3

that Mr. Larson wrongfully withheld $352,877.50 from LNL, beginning on or about July 20, 2012.

In response to LNL's motion, Mr. Larson points to various items of evidence to suggest that, contrary to the admissions in his July 20 letter, the amounts owed to LNL were unquantifiable, that the amounts owed or previously paid were different than those shown in exhibit 1, that Mr. Williams had not asked for payment of the monies owed, and that Mr. Williams prevented Genesis from selling products to generate the funds to make a payment. All of these items of evidence were presented to and considered by the jury, but the jury's verdict and the amount awarded make it clear that the jury rejected them. Rather, apparently the jury resolved the breach of contract claim against Mr. Larson simply from the admissions made by Mr. Larson in exhibit 1. Accordingly, Mr. Larson has not rebutted LNL's *prima facie* showing that he wrongfully withheld $352,877.50 from LNL since July 20, 2012.

Mr. Larson has not challenged the computation of prejudgment interest in LNL's motion, and thus, the Court adopts that calculation. Accordingly, LNL's motion is granted. The Court deems the Judgment amended to reflect that, in addition to the $352,877.50 in damages, LNL is also entitled to an additional $197,341.72 in prejudgment interest pursuant to C.R.S. § 5-12-101(1)(b).

### B. Taxation of costs

Fed. R. Civ. P. 54(d)(1) provides that a prevailing party may obtain the costs of litigation against the non-prevailing party. It is undisputed that the jury found in favor of Mr. Kilman on the Plaintiffs' claims against him, rendering him entitled to have his costs paid by the Plaintiffs. On May 24, 2018, the Clerk of the Court taxed $19,257,70 in costs in favor of Mr. Kilman and against the Plaintiffs. Those costs consisted of $11,330.05 in transcripts obtained for use in the

case; $632.23 in witness fees; $2,983.99 in costs of exemplification and copies; and $4,291.63 in costs relating to the taking of depositions.

The Plaintiffs do not challenge the reasonableness or propriety of the particular amounts taxed by the Clerk. Rather, they challenge Mr. Kilman's eligibility to receive the full amount of costs taxed. First, they contend that Mr. Kilman should not be entitled to any costs because he "admitted [that his] employer, [Genesis], paid for all costs incurred throughout the proceedings." The Court will assume the accuracy of this statement, notwithstanding the fact that the proceedings before the Clerk were neither recorded nor transcribed, because Mr. Kilman's response to the motion does not dispute it.

Fed. R. Civ. P. 54(d) reflects a presumption that the prevailing party will recover their costs. *Bryant v. Sagamore Ins. Co.*, 618 Fed. Appx. 423, 425 (10th Cir. 2015). Although the Court has the discretion to deny costs, such a denial is viewed as a "severe penalty" and must be supported by a justification for penalizing the prevailing party. *In re Williams Securities Litigation*, 558 F.3d 1144, 1147 (10th Cir. 2009). The 10th Circuit has recognized several grounds for denying costs to the prevailing party: when "the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult." *Id.* at 1150-51. Although the list of permissible grounds to deny costs is not exclusive, *Ag Services of America, Inc. .v. Nielsen*, 23 Fed.Appx. 945, 947 (10th Cir. 2001), the Plaintiffs have not provided (and this Court has not independently located) any authority permitting costs to be denied on the grounds that the prevailing party was either advanced funds or indemnified for the

costs in question.[1] Indeed, as Mr. Kilman notes, it is not unusual for a third-party to pay a named defendant's litigation costs, particularly in the employment and civil rights contexts (*e.g.* a municipality paying the costs of litigation against a named police officer or other official); to hold that such defendants would not be entitled to costs simply because someone else paid those costs on the defendants' behalf would diminish the compensatory purposes of Rule 54(d). Accordingly, because it is ultimately the Plaintiffs' burden to show that an award of costs to Mr. Kilman is inappropriate, the Court finds that the Plaintiffs have failed to carry that burden and that Mr. Kilman is entitled to have his costs.

The Plaintiffs' second argument is that the costs taxed against it reflected the joint costs incurred by all three Defendants, and that Mr. Kilman should not be entitled to recover costs that were incurred by Mr. Larson or Genesis in their unsuccessful defense. The Plaintiffs suggest that the appropriate way to apportion these costs is to reduce the total costs incurred by the Defendants by two-thirds, thus awarding Mr. Kilman only one-third of the total amount of costs.

The 10th Circuit has rejected such an approach. In *Debord v. Mercy Health System of Kansas, Inc.*, 737 F.3d 642, 659-60 (10th Cir. 2013), the plaintiff brought suit against Mercy (her

---

[1] The two cases cited by the Plaintiffs in support of their argument are both inapposite. *Oakview Treatment Centers of Kansas, Inc. v. Garrett*, 53 F.Supp.3d 1196 (D. Kan. 1999), involved an assessment of costs pursuant to a contractual agreement, not pursuant to Fed. R. Civ. P. 54(d). Moreover, the court found that the plaintiff was <u>entitled</u> to costs, notwithstanding the fact that its costs were advanced by its parent company. (The Plaintiffs here seize on the negative implication of *dicta* that noted that the plaintiff was ultimately going to repay the parent company; the Plaintiffs here apparently construe that finding to suggest that the result might have been different if no reimbursement obligation was present.) Similarly, the Plaintiffs' reliance on *Dill v. City of Edmond*, 72 Fed.Appx. 753, 759 (10th Cir. 2003), is misplaced. There, the 10th Circuit found that it was error for the trial court to award certain items of costs that the prevailing party had not incurred "as part of the defense" of the claim at issue; rather, the party had incurred those costs either before or after the litigation at issue. Thus, neither case stands for the proposition urged by the Plaintiffs: that costs are only recoverable by a party only if the party actually paid them.

employer) and Weaver (her supervisor). Weaver interposed counterclaims against the plaintiff, but the court ultimately entered summary judgment in favor of Mercy and Weaver on the plaintiffs' claims and against Weaver on the counterclaim. Finding that "both parties" – the plaintiff and Mercy – "have prevailed on at least one claim," and that "separating Mercy and Weaver's defense costs from Weaver's counterclaim costs would have been impracticable given that Mercy and Weaver shared counsel and relied on overlapping facts," the trial court refused costs to both sides. Mercy appealed and the 10th Circuit reversed. It explained that "merely sharing counsel with a[n unsuccessful] co-defendant . . . does not make a fully prevailing party ineligible for costs." It noted that it was the plaintiff's decision to bring claims jointly against two defendants, and that "Mercy had no say . . . in [that] decision." *Id.* at 660. Thus, it held that Mercy should have received its full costs, regardless of Weaver's unsuccessful counterclaim.

*Debord* makes clear that the Court cannot deprive Mr. Kilman of his costs, in part or whole, simply because Mr. Kilman shared counsel with Mr. Larson and Genesis, or because the Plaintiffs' unsuccessful claims against Mr. Kilman shared operative facts with the Plaintiffs' successful claims against Mr. Larson and Genesis. Like *Debord*, it was the Plaintiffs' decision to join its claims against Mr. Kilman to those against the other Defendants, and thus, Mr. Kilman should not be deprived of his full costs he incurred simply because the Plaintiffs were successful against others. The Court does not understand the Plaintiffs to contend that any of the costs taxed by the Clerk would not have been incurred by Mr. Kilman had he been the only named Defendant in this case, and thus, the Court finds that an award of the full amount of costs taxed in favor of Mr. Kilman is appropriate. Accordingly, the Court denies the Plaintiffs' motion to set aside the award of costs to Mr. Kilman.

For the foregoing reasons, the Plaintiffs' Motion to Alter Judgment **(#141)** is **GRANTED**, and the Judgment **(# 136)** is deemed **AMENDED** to include an additional award to LNL against Mr. Larson in the amount of $197,341.72, reflecting prejudgment interest pursuant to C.R.S. §5-12-102(1)(b). The Plaintiffs' Motion to Review Taxation of Costs **(# 148)** is **DENIED**, and the Clerk's taxation of costs in favor of Mr. Kilman stands.

Dated this 22nd day of October, 2018.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge